**UNITED STATES of America,**
**Appellee,**

v.

**Winston VINCENT, Defendant–**
**Appellant.**

No. 06–1725–cr.

United States Court of Appeals,
Second Circuit.

Nov. 28, 2007.

Anirudh Bansal, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York (Jonathan S. Kolodner, of counsel), New York, N.Y., for Appellee.

Jeremiah Donovan, Old Saybrook, Conn., for Defendant–Appellant.

PRESENT: Hon. RALPH K. WINTER, Hon. WALKER, and Hon. GUIDO CALABRESI, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Winston Vincent appeals from his conviction in the United States District Court for the Southern District of New York (Patterson, *J.*) of conspiracy to distribute and possess with intent to distribute one thousand kilograms or more of marijuana, in violation of 21 U.S.C. § 846. We assume the parties' familiarity with the facts and procedural history of the case.

Appellant contends that two evidentiary rulings during his counsel's cross-examination of a prosecution witness violated his Sixth Amendment confrontation right. We review such rulings for abuse of discretion. *Nimely v. City of N.Y.*, 414 F.3d 381, 393 (2d Cir.2005). Trial judges have "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). We believe that the trial judge correctly concluded that defense counsel was, in fact, being argumentative in the two instances in which the court sustained the Government's objection to defense counsel's questions. We therefore find no Confrontation Clause violation.

We have also considered the remainder of Appellant's claims—that he was tried on the wrong indictment, that a juror should have been disqualified, that the introduction of certain testimony violated the Fourth Amendment, and that the charges against him should have been dismissed pursuant to the Speedy Trial Act—and we find them wholly unmeritorious.

Accordingly, we AFFIRM the judgment of the district court.